**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CXT SYSTEMS, INC., | § | Case No. |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| HARBOR FREIGHT TOOLS USA, INC., | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CXT Systems, Inc. ("CXT" or "Plaintiff"), for its Complaint against Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight" or "Defendant"), alleges as follows:

**THE PARTIES**

1. CXT is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 West Houston Street, Marshall, Texas 75670.

2. Upon information and belief, Defendant Harbor Freight is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 26541 Agoura Road, Calabasas, California 91302. Defendant may be served with process through its registered agent, Corporate Creations Network Inc., 2425 West Loop South, #200, Houston, Texas 77027.

3. On information and belief, Defendant maintains regular and established places of business within this Judicial District at its stores including at least the following locations: (1) 1708 North Central Expressway, Plano, TX 75074; (2) 730 North Central Expressway, McKinney, TX 75070; (3) 2729 New Boston Road, Texarkana, TX 75501; (4) 626 South Jefferson Avenue, Mt. Pleasant, TX 75455; (5) 2415 Gilmer Road, Longview, TX 75604; and

(6) 3819 South SW Loop 323, Tyler, TX 75701; (7) 4610 North Street, Suite 10, Nacogdoches, TX 75965; (8) 3043 South John Redditt Drive, Lufkin, TX 75904; (9) 420 East Gibson Street, Jasper, TX 75951; (10) 6640 Eastex Freeway, #100, Beaumont, TX 77708; (11) 3050 North Josey Lane, #106, Carrollton, TX 75007; (12) 2231 South Loop 288, #131, Denton, TX 76205; (13) 3201 US-75 #103, Sherman, TX 75090; (14) 7735 Memorial Boulevard, Port Arthur, TX 77640.  Upon information and belief, Defendant employs individuals in this Judicial District involved in the sales and marketing of its products.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant.  Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, has a regular and established place of business in this Judicial District, has purposely transacted business involving the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this Judicial District.

7. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

8. On December 10, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,493,703 (the "'703 Patent") entitled "System and Method for Implementing Intelligent Online Community Message Board." A true and correct copy of the '703 Patent is attached as Exhibit A.

9. On May 27, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,571,234 (the "'234 Patent") entitled "System and Method for Managing Online Message Board." A true and correct copy of the '234 Patent is attached as Exhibit B.

10. On September 1, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. RE45,661 (the "'661 Patent") entitled "Online Content Tabulating System and Method." Notably the '661 Patent was reissued after the Supreme Court's *Alice Corp. v. CLS Bank International,* 573 U.S. 208, 134 S. Ct. 2347 (2014) decision. A true and correct copy of the '661 Patent is attached as Exhibit C.

11. CXT is the sole and exclusive owner of all right, title and interest to and in the '703 Patent, '234 Patent, and '661 Patent (together, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. CXT also has the right to recover all damages for

past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

12. The Patents-in-Suit are presumed to be valid under 35 U.S.C. § 282 and while many have tried to invalidate them, none has succeeded. In a recent action styled *CXT Systems, Inc. v. Academy, Ltd., d/b/a Academy Sports + Outdoors*, Case No. 2:18-cv-00171-RWS-RSP (Lead Case) ("*Academy Litigation*"), eight different sets of defendants filed or joined in 12(b)(6) motions alleging lack of eligible subject matter under 35 U.S.C. §101. A Report and Recommendation stated "The Court concludes that the claimed invention [of the '703, '234 and '661 Patents] is not directed to an abstract idea under step 1 as it is directed to a specific improvement in the capabilities of computing devices." *Academy Litigation,* Dkt. No. 128 at *5. Ultimately, the Court adopted the Report and Recommendation and denied all the 12(b)(6) motions. *Academy Litigation,* Dkt. No. 137. Recognizing the validity of these patents, industry leaders have instead chosen to license them.

13. The inventions covered by the '703 Patent, '234 Patent and '661 Patent were invented by Timothy Knight and Nicholas Gross (collectively, the "Knight Patents"). E-commerce websites and computer systems supporting those websites (collectively, the "Accused Infrastructures") employ methods covered by the Knight Patents in order to improve the shopping experience of their buyers. The Knight Patents generally cover systems and methods relating to optimizing the usability of online message boards such as those found at e-commerce websites. In one embodiment, a user may search for specific customer reviews for a product and then perform an action such as indicating that a review was "helpful." Systems implementing the inventions covered by the Knight Patents achieve significant benefits and improvements in their operation and performance. As one example, users of the system can

more easily navigate a website to find the most meaningful information, such as helpful negative reviews. By finding the most relevant information in a speedy manner, efficient usage of the seller's system, including from the perspective of both processing and communication resources, is achieved. Additionally, when a buyer focuses his review of a message board on the most targeted information, more efficient usage of the buyer's computer system is achieved. This includes efficiencies in terms of processing, communication, power and display resources. Further, in the case where the buyer's computer is a handheld device, which typically has limited resources, the improvements in performance due to the inventions covered by the Knight Patents are determinative as to whether many buyers will use the system.

14. The Accused Infrastructures employ methods covered by the Knight Patents in order to improve the shopping experience of their buyers. For example, the Accused Infrastructures processes a user command associated with one or more electronic message items taken from a set of electronic message items, where the user command is used to locate an author of a message item originating from a particular author.

15. On information and belief, Harbor Freight is in the business of selling products through its website available at https://www.harborfreight.com/ (the "Harbor Freight Website") and has been since at least as early as 2013. On information and belief, the Harbor Freight Website is supported by a backend computer system. Together, the current and previous versions of the Harbor Freight Website and their backend computer systems are instances of the Accused Infrastructures. On information and belief, the Accused Infrastructures are hosted within the United States.

16. CXT has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## COUNT I
**(Infringement of the '703 Patent)**

17. Paragraphs 1 through 16 are incorporated herein by reference as if fully set forth in their entireties.

18. CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '703 Patent.

19. Defendant has directly infringed and continues to directly infringe the '703 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '703 Patent. Upon information and belief, these products include the Accused Infrastructures that practice the methods and systems covered by the '703 Patent. These products infringe at least claim 16 of the '703 Patent.

20. On information and belief, at least one version of the Accused Infrastructures comprises an electronic message board system used by a community of users and operates in part of an online server.

21. On information and belief, at least one version of the Accused Infrastructures stores message data on the online server and constructs searchable collections of said message data, said searchable collections being based on a set of predefined query parameters, so that at least some of said message data is accessible to at least some of the community of users. For example, message data can comprise reviews and ratings for products sold on the Accused

Infrastructures and predefined query parameters can comprise those reviews that ranked four stars.

22. On information and belief, at least one version of the Accused Infrastructures handles user queries to said message data by interacting with a web browser program executing at a user computer system remote from the online server, said queries being based on said predefined query parameters. For example, user queries may request all four-star reviews for a particular product.

23. On information and belief, at least one version of the Accused Infrastructures configures an integrated interface for a user to formulate queries, said integrated interface including: i) a first display region for providing a visible display of a message list of at least some of any message entries retrieved in response to said queries, said list including at least some identifying parameters for each of said message entries; and ii) a second display region for providing a visible display of at least some substantive information for a user-selected one of said message entries, said substantive information being simultaneously visible with said message list displayed in said first display region wherein said integrated interface is configured so that the user can perform searching, listing and reviewing operations associated with said message entries simultaneously within a single window of said integrated interface, said reviewing operations including a presentation to the user of all substantive information for at least one of said message entries. For example, as shown in Figure 1, the interface displays the four-star reviews in response to a query, allows the user to search, list, and review those messages, or to perform a different query and provides substantive information and identifying information for the reviews shown.



*(Figure 1 - Interface showing the four-star reviews for a selected product.)*

24. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '703 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such as the Accused Infrastructure that practice the systems and methods covered by the '703 Patent.

8

25. Defendant, with knowledge that these products, or the use thereof, infringe the '703 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '703 Patent by providing these Accused Infrastructure to end users for use in an infringing manner.

26. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '703 Patent, while remaining willfully blind to the infringement.

27. CXT has suffered damages as a result of Defendant's direct infringement of the '703 Patent in an amount to be proved at trial.

28. CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '703 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
**(Infringement of the '234 Patent)**

29. Paragraphs 1 through 16 are incorporated herein by reference as if fully set forth in their entireties.

30. CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '234 Patent.

31. Defendant has directly infringed and continues to directly infringe the '234 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '234 Patent. Upon information and belief, these products include the Accused Infrastructures that practice the

9

methods and systems covered by the '234 Patent. These products infringe at least claim 21 of the '234 Patent.

32. On information and belief, at least one version of the Accused Infrastructures practices a method comprising handling message item postings and queries made to an electronic message board system comprising storing message items so that they are searchable by users accessing the message board system based on a plurality of predefined information categories. For example, the predefined information categories of the messages can comprise products and filter categories as shown in Figure 2.



*(Figure 2 - Product with messages relating to products and filter categories.)*

33. On information and belief, at least one version of the Accused Infrastructures practices a method comprising configuring a user interface for said users when such users access the message board system, such that said plurality of predefined information categories are set up as filter selection items within said interface.

34. On information and belief, at least one version of the Accused Infrastructures receives a user query received from said user interface based on at least one of said filter selection items.

35. On information and belief, at least one version of the Accused Infrastructures locates a set of electronic message items on the message board system corresponding to said user query.

36. On information and belief, at least one version of the Accused Infrastructures transmits a set of electronic message items to said user so that they can be perceived simultaneously with said filter selection items within said interface by said user. For example, a user may desire to see only five-star reviews, as shown in Figure 3.



*(Figure 3 - Product with messages filtered to display five star reviews.)*

37. On information and belief, at least one version of the Accused Infrastructures processes a user command associated with one or more of said electronic message items taken from said set of electronic message items, which user command is used to locate an author of said message items and/or additional message items originating from said author. For example, a user may designate the review by the first message author to be helpful, as shown in Figure 2.

38. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '234 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell,

12

selling and/or importing into the United States products that include infringing technology such as the Accused Infrastructures that practice the systems and methods covered by the '234 Patent.

39. Defendant, with knowledge that these products, or the use thereof, infringe the '234 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '234 Patent by providing these Accused Infrastructure to end users for use in an infringing manner.

40. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '234 Patent, while remaining willfully blind to the infringement.

41. CXT has suffered damages as a result of Defendant's direct infringement of the '234 Patent in an amount to be proved at trial.

42. CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '234 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
**(Infringement of the '661 Patent)**

43. Paragraphs 1 through 16 are incorporated herein by reference as if fully set forth in their entireties.

44. CXT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '661 Patent.

45. Defendant has directly infringed and continues to directly infringe the '661 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United

States products that satisfy each and every limitation of one or more claims of the '661 Patent. Upon information and belief, these products include the Accused Infrastructures that practice the methods and systems covered by the '661 Patent. These products infringe at least claim 37 of the '661 Patent.

46. On information and belief, one or more versions of the Accused Infrastructures implements a method comprising storing message items of a message board system, wherein the message items are searchable by access to the message board system based on a plurality of predefined information categories.

47. On information and belief, at least one version of the Accused Infrastructures configures an interface for the access to the message board system with the plurality of predefined information categories as filter selection items within the interface.

48. On information and belief, at least one version of the Accused Infrastructures receives a query via the interface and at least one of the filter selection items.

49. On information and belief, at least one version of the Accused Infrastructures provides at least one of the message items of the message board system corresponding to the received query for simultaneous perception with the filter selection items via the interface.

50. On information and belief, at least one version of the Accused Infrastructures processes a command associated with at least one of the message items of the message board system corresponding to the received query, which command is associated with at least one of an author of the message items and at least one of the message items on the message board system originating from the author. For example, as shown in Figure 1, the command may be to indicate that the review is helpful.

51. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '661 Patent by knowingly and intentionally inducing others, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology such as the Accused Infrastructure that practice the systems and methods covered by the '661 Patent.

52. Defendant, with knowledge that these products, or the use thereof, infringe the '661 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '661 Patent by providing these Accused Infrastructure to end users for use in an infringing manner.

53. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '661 Patent, while remaining willfully blind to the infringement.

54. CXT has suffered damages as a result of Defendant's direct infringement of the '661 Patent in an amount to be proved at trial.

55. CXT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '661 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, CXT prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order awarding damages sufficient to compensate CXT for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

c. Entry of judgment declaring that this case is exceptional and awarding CXT its costs and reasonable attorney fees under 35 U.S.C. § 285; and

d. Such other and further relief as the Court deems just and proper.

Dated:  May 10, 2019                                          Respectfully submitted,

 /s/Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email: sharel@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston

Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF
CXT SYSTEMS, INC.***